BRYAN, Judge,
concurring in part and dissenting in part.
I concur in the main opinion insofar as it grants the petition for a writ of mandamus; however, I respectfully dissent from the main opinion insofar as it denies the petition. I agree that a juvenile court has authority to review a State agency’s care of a child committed to its custody in order to determine whether that care is in the best interest of the child. Moreover, I agree that, if the juvenile court determines that the care the State agency is providing is not in the child’s best interest, the juvenile court has the authority to order the State agency to change that care. Furthermore, I agree that the juvenile court, in ordering the State agency to change the care it is providing the child, can dictate, with some degree of specificity, the changes that must be made. For example, if the State agency has ceased providing a certain kind of therapy and the juvenile court determines that the best interest of the child requires the resumption of that kind of therapy, the juvenile court has the authority to order the State agency to resume providing that kind of therapy. However, in my opinion, the separation-of-powers doctrine prohibits the juvenile court from dictating the specific therapist who must provide that kind of therapy. Cf. Ex parte James, 836 So.2d 813, 817 (Ala.2002) (“[T]he pronouncement of a specific remedy ‘from the bench’ [in the Equity Funding case] would necessarily represent an exercise of the power of that branch of government charged by the people of the State of Alabama with the sole duty to administer state funds to public schools: the Alabama Legislature.”). Thus, I agree with the main opinion that there is some overlap of the powers of the executive and the judicial branches of government with respect to the treatment of children committed to the custody of State agencies, see Alabama Dep’t of Mental Health & Mental Retardation v. Andres, 515 So.2d 9, 11 (Ala.Civ.App.1987), but I disagree with the main opinion regarding the extent of that overlap — I do not view the overlap as extending so far as permitting the juvenile court to name the specific treatment facilities or the specific therapists, whereas the main opinion does. Accordingly, I would grant the petition insofar as it seeks a writ of mandamus directing the juvenile court to vacate the portion of its November 13, 2007, order directing that D.R.S. be placed at the National Deaf Academy or an equivalent facility and that Liz Hill be reinstated as D.R.S.’s therapist.